﻿Citation Nr: 18124204
Decision Date: 08/07/18 Archive Date: 08/06/18

DOCKET NO. 15-45 181
DATE: August 7, 2018
REMANDED
Entitlement to service connection for the cause of the Veteran’s death, to include as due to herbicide exposure, is remanded.

REASONS FOR REMAND
The Veteran served on active duty from December 1971 to June 1983, to include service in Korea from December 1973 to January 1975. He died in April 2010, and the appellant in this case is his surviving spouse. 
This matter came to the Board of Veterans’ Appeals (Board) on appeal from a June 2012 rating decision.
In April 2018, the appellant testified at a hearing before the undersigned Veterans Law Judge. A transcript of the hearing has been associated with the record.
In this case, the immediate cause of death listed on the Veteran’s death certificate was myocardial infarction. The appellant has contended that the Veteran’s heart disorder was caused by exposure to Agent Orange during service along the DMZ in Korea. Service personnel records indicate that the Veteran had service in Korea from December 1973 to January 1975. During the April 2018 hearing, the appellant stated that the Veteran served at Camp Casey near the DMZ and that the Veteran told her that he buried barrels or drums of Agent Orange while at Camp Casey. Further, she reported that the Veteran told her that he also served at Camp Kitty Hawk, which was very close to North Korea.
In June 2012, the National Personnel Records Center (NPRC) indicated that there was no evidence that the Veteran served in the Republic of Vietnam. There was also no evidence that showed that the Veteran was exposed to herbicides in service.
According to M2102 IV.ii.H.4.c., a request should be sent to the Joint Services Records Research Center (JSRRC) for verification of exposure to herbicides when a veteran claims exposure in Korea and the service was not between April 1, 1968, and August 31, 1971, or in a unit of entity listed in M21-2 IV.ii.1.H.4.b. Therefore, in this case, the Agency of Original Jurisdiction (AOJ) should send a request to the JSRRC for a search for the unit history for the entire period the Veteran served in Korea. 
During the April 2018 hearing, the appellant also testified that the Veteran had his first heart attack shortly after service, between 1989 and 1993. She indicated that the private treatment provider only kept records for five years. However, no attempts were made to obtain those records. In fact, the Board notes that no post-service medical records have been associated with the record. Therefore, on remand, the AOJ should attempt to obtain any outstanding private treatment records, as well as any outstanding VA treatment records.

The matter is REMANDED for the following action:

1. The AOJ should request that the appellant provide the names and addresses of any and all health care providers who provided treatment for the Veteran’s heart disorder, to include two episodes of myocardial infarction. A specific request should be made for authorization to obtain private treatment records pertaining to the Veteran’s first myocardial infarction in approximately 1983 to 1989, as identified during the April 2018 Board hearing. After acquiring this information and obtaining any necessary authorization, the AOJ should obtain and associate these records with the claims file.
The AOJ should also obtain any outstanding VA medical records.
2. The AOJ should take any appropriate steps consistent with the procedures outlined in the M21-1 and in consideration of § 3.307(a)(6)(iv) to attempt to verify the Veteran’s claimed herbicide exposure while he was stationed in Korea from December 1973 to January 1975. 
The Veteran’s service personnel records indicate that he served as a security guard at United States Army Support Group (USASG) Joint Security Area (JSA) Korea from June 1974 to December 1974. The appellant also testified that the Veteran served at Camp Casey and Camp Kitty Hawk during his service in Korea.
All attempts and responses should be documented in the claims file.
3. If completion of the foregoing development does not result in a grant of service connection, the AOJ should consider whether any development is necessary for the claim on a direct basis. Further development may include obtaining a VA medical opinion.
 
J.W. ZISSIMOS
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD K. Osegueda, Counsel